FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIAN DIAS; WILLIAM MASON, SR.,
          *Plaintiffs-Appellants,*

                v.

JOSE ELIQUE; MICHAEL MURRAY;
UNIVERSITY AND COMMUNITY
COLLEGE SYSTEM OF NEVADA;
UNIVERSITY OF NEVADA, LAS
VEGAS,

          *Defendants-Appellees.*

No. 04-15290

D.C. No.
CV-02-00801-PMP
(PAL)

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Chief District Judge, Presiding

Argued and Submitted
October 17, 2005—San Francisco, California

Filed February 6, 2006

Before: Stephen Reinhardt and Sidney R. Thomas,
Circuit Judges, and Jane A. Restani*, Chief Judge,
United States Court of International Trade.

Opinion by Judge Restani

---

*The Honorable Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

1351

**COUNSEL**

Kirk T. Kennedy, Las Vegas, Nevada, for the plaintiffs-appellants.

Richard C. Linstrom, General Counsel, and Walter L. Ayers, Assistant General Counsel, University of Las Vegas, Nevada, for the defendants-appellees.

**OPINION**

RESTANI, Judge:

The United States District Court for the District of Nevada dismissed claims brought under 42 U.S.C. § 1983, along with pendent state-law claims, by two employees, Sergeant Brian Dias and Officer William Mason, Sr., who were terminated by the University of Nevada, Las Vegas, Department of Public Safety ("UNLV") after allegedly falsifying time entries in a Department of Public Safety logbook. The district court found Appellants' wrongful termination, retaliation, and related state-law claims were precluded by a determination made by a hearing officer from the Nevada State Personnel Commission (the "Commission") that UNLV had "just cause" in terminating Appellants. Appellants' remaining claims not arising from the termination were dismissed under the doctrine of qualified immunity. We find that the district court erred in applying issue preclusion but uphold the district court's application of qualified immunity.

## I.   BACKGROUND

On September 10, 2001, Lieutenant Rochelle Sax told Michael Murray, Deputy Director of Public Safety for the

University of Nevada, Las Vegas, that she suspected Appellants had falsified time entries in the Public Safety Department logbook. The next day, Murray reported the allegations to his superior officer, Chief of Police Jose Elique. On September 17, 2001, the matter was referred to the Nevada Attorney General's Office, which is responsible for investigating and prosecuting crimes committed by state employees under Nev. Rev. Stat. § 228.175. On November 27, 2001, the Attorney General's Office arranged to interview Appellants. On April 12, 2002, it sent UNLV a report finding sufficient evidence to place Appellants on leave with pay. The next day, UNLV informed Mason that he was being put on administrative leave with pay pending conclusion of the Attorney General's investigation. Dias was similarly suspended on April 16.

On May 7, 2002, Appellants jointly filed suit against Appellees in the District Court for Clark County, Nevada. On June 6, Appellees removed the case to federal court. On the same day, Nevada's Attorney General charged Appellants with presenting a fraudulent claim to a public officer, a gross misdemeanor under Nev. Rev. Stat. § 197.160. On June 10, 2002, Appellants were served with notice of charges recommending dismissal. Appellants waived their right to an informal pre-disciplinary hearing and on July 1, 2002, UNLV terminated Appellants' employment. Appellants sought review of their termination before a Commission hearing officer pursuant to Nev. Rev. Stat. § 284.390. A hearing was held on November 5, 2002, during which both Appellants testified, as did Murray and two other officers.

At the administrative hearing, Appellants conceded the discrepancies in their reported time, but denied that they had defrauded UNLV. They claimed that the discrepancies were the result of an informal "flex-time" policy. They maintained that their previous supervisor, Chief David Hollenbeck, had created the flex-time system to provide compensation for time spent doing non-shift work, such as training, while avoiding

overtime charges. According to Appellants, flex-time was subject to an honor system and no formal accounting of time was required. Murray contradicted Appellants' testimony, stating that flex-time was used only to change the start and end time of a shift and required documentation of the change.

On December 10, 2002, the hearing officer issued a "Finding of Fact, Conclusions of Law and Decision" (the "Determination"), finding "substantial reliable and probative evidence" supporting UNLV's decision to dismiss Appellants. In his findings of fact, the hearing officer stated that "[t]he evidence is conclusive that both Sergeant Dias and Officer Mason entered times into the Sign In/ Sign Out Log Book which were false." The hearing officer also found it incredible that Appellants were not aware that department policy required accurate reporting of time in the logbook. Furthermore, the hearing officer found that despite Appellants' assertions that their dismissals were retaliatory, "[n]o evidence of disparate treatment was presented" and "[t]here was no evidence of retaliation." In his conclusions of law, however, the hearing officer stated that he reviewed UNLV's decision for "substantial evidence of legal cause, and to insure that the Employer did not act arbitrarily or capriciously, thus abusing its discretion."

On July 8, 2002, Appellees moved for summary judgment in federal district court, arguing that the hearing officer's determination precluded consideration of Appellants' civil-rights claims. Appellants objected that the preclusion defense had been waived, but the district court allowed Appellees to supplement the pleadings to assert issue preclusion. The district court found that the determination constituted a final judgment on the merits that resolved the factual issues regarding falsification of records and retaliation. With these issues resolved against Appellants, the district court granted summary judgment for Appellees "[t]o the extent [the Complaint] relie[d] on termination based on false allegations and retaliation," including Appellants' pendent state-law claims for

intentional infliction of emotional distress, negligence, negligent supervision and retaliation. The court also found that Elique and Murray were entitled to qualified immunity in connection with the non-precluded claims and dismissed the remainder of the § 1983 action.

## II.  STANDARD OF REVIEW

An order granting summary judgment is reviewed *de novo* on appeal. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). We "must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

The availability of issue preclusion is also reviewed *de novo* on appeal. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). If we determine that issue preclusion is available, we then review "for abuse of discretion the district court's decision to accord preclusion to the agency's decision." *Id.* Finally, we review *de novo* a lower court's decision to apply qualified immunity. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

## III.  ISSUE PRECLUSION

[1] Federal courts give the same preclusive effect to the decisions of state administrative agencies as the state itself would, subject to the "minimum procedural requirements" of the Due Process Clause of the Fourteenth Amendment. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982). We consider the relevant state-law test to "ensure that, at a minimum, [an agency decision] meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions." *Plaine v. McCabe*, 797 F.2d 713, 719 (9th Cir. 1986); *see Roberts v. Las Vegas Valley Water Dist.*, 849 F. Supp. 1393, 1399 (D. Nev. 1994) (applying collateral estoppel to Nevada state agency determi-

nation if " 'the general collateral estoppel criteria apply' ") (quoting *Jackson v. Gates*, 975 F.2d 648, 656 n.8 (9th Cir. 1992)).

**[2]** Nevada courts may apply issue preclusion if: 1) the issue decided in prior litigation is identical to the issue presented in the current litigation; 2) the initial ruling was on the merits and is final; and 3) the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation. *LaForge v. State ex rel. Univ. & Cmty. Coll. Sys.*, 997 P.2d 130, 133 (Nev. 2000). Nevada gives agency determinations issue preclusive effect, provided they meet the requirements of this test. *State ex rel. Univ. & Cmty. Coll. Sys. v. Sutton*, 103 P.3d 8, 16 (Nev. 2004).

Applying the Nevada test to this case, we find the last two requirements are met because Appellants are the same people who participated in the hearing before the Commission hearing officer and the hearing officer's determination was final and on the merits. Nevertheless, we find that issue preclusion is inappropriate in this case because the hearing officer did not resolve the same factual issues involved to the same degree required by Appellants' § 1983 and related state-law claims. Specifically, the hearing officer only found that substantial evidence supported UNLV's decision to terminate Appellants, while Appellants are required to prove their § 1983 and state-law claims by a preponderance of the evidence.

**[3]** As a general rule, issue preclusion, unlike claim preclusion, "may be defeated by shifts in the burden of persuasion or by changes in the degree of persuasion required." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4422 (2d ed. 2002); *see Littlejohn v. United States*, 321 F.3d 915, 924 (9th Cir. 2003) (success on Department of Veterans Affairs disability claim at standard of evidence lower than preponderance not entitled to preclusive effect in tort claim brought under the Federal

Tort Claims Act because "[s]uch differences in the burden of proof . . . prevent issue preclusion"); *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1322 (9th Cir. 1992) ("[C]ollateral estoppel does not preclude claims that have a different burden of proof than previously decided claims . . . ."). *See also Cobb v. Pozzi*, 363 F.3d 89, 114 (2d Cir. 2004) ("A party's success in an earlier proceeding where it faced a lower burden of proof does not mean that, against a higher burden of proof in a subsequent proceeding, that party would achieve the same result."); *Wimsatt v. Beverly Hills Weight Loss Clinics Int'l, Inc.*, 38 Cal. Rptr. 2d 612, 619 (Cal. Ct. App. 1995) (stating that the court of appeals has squarely held that "collateral estoppel effect should not have been given the earlier findings because they were made using a *different standard of proof than required for the later hearing*.").

**[4]** Although Nevada law is clear that agency determinations may be entitled to issue preclusive effect, *see Sutton*, 103 P.3d at 16, we have found no Nevada precedent informing us as to whether Nevada law would allow a factual determination made under a substantial evidence standard to preclude litigation of that fact under a higher standard such as preponderance of the evidence. In the absence of a controlling decision from a state supreme court, a federal court must interpret state law as it believes the state's highest court would. *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). We believe that the Nevada Supreme Court would endorse the general rule in this situation.

**[5]** The district court found that the facts established by the hearing officer's determination were the same as those necessary to support a claim under § 1983. An agency determination that, by a preponderance of the evidence, Appellants were properly terminated for entering false time reports (rather than in retaliation for exercise of their First Amendment rights) might preclude relitigation of that issue of evidentiary fact in a § 1983 action; however, the hearing officer

was not required to find those facts by a preponderance of the evidence.[1] The hearing officer's determination is specific that "[e]vidence sufficient to support an administrative decision is not equated with a preponderance of the evidence, as there may be cases wherein two conflicting views may each be supported by substantial evidence." Essentially, under the substantial evidence standard, the hearing officer was required to find only that Appellants' terminations could either have resulted from violations of department policy or illegal retaliation. This does not resolve the factual issues involved to the extent necessary regarding the § 1983 action, *i.e.*, whether Appellants, more likely than not, were terminated in retaliation for protected activities instead of as a result of violations of department policy.[2]

This holding does not conflict with our treatment of administrative determinations in other contexts. For example, in *Miller*, we upheld the district court's decision to grant issue preclusive effect to an unreviewed determination by the Santa Cruz County Civil Service Commission that a plaintiff was justly terminated. 39 F.3d at 1038. The law of California, like Nevada, holds that unreviewed administrative determinations are binding and have preclusive effect. *See Knickerbocker v. City of Stockton*, 244 Cal. Rptr. 764, 768 (Cal. Ct. App. 1988). Nevertheless, California law provides for more thorough review at the administrative level. *See Kolender v. San*

---

[1] *Cf. State Indus. Ins. Sys. v. Khweiss*, 825 P.2d 218, 220 (Nev. 1992) (holding that under Nevada law "an agency's conclusions of law . . . should not be disturbed if they are supported by substantial evidence").

[2] Although the Nevada state courts have not so held, an opinion from the United States District Court for the District of Nevada has applied issue preclusion to the determination of a Commission hearing officer in a subsequent § 1983 action. *Snow v. Nev. Dep't of Prisons*, 543 F. Supp. 752, 757 (D. Nev. 1982). *Snow* was decided under a previous version of § 284.390 which appears to provide for a *de novo* hearing before the Commission. *See* Nev. Rev. Stat. § 284.390(9) (1977) ("If a hearing before the commission is granted . . . it shall be a hearing de novo."). Current Nevada law does not provide for such review.

*Diego County Civil Serv. Comm'n*, 34 Cal. Rptr. 3d 209 (Cal. Ct. App. 2005) ("The Commission's authority to 'modify' the Sheriff's disciplinary order under Government Code, section 31108 is more consistent with an independent review than with substantial evidence review . . . .") (quotation omitted). Nevada law, by contrast, allows a hearing officer to determine only whether the agency's decision was reasonable and supported by just cause. *See* Nev. Rev. Stat. § 284.390(1), (6).

*Clements v. Airport Authority of Washoe County*, 69 F.3d 321 (9th Cir. 1995), does not require a different outcome. In that case, two employees of Nevada's Washoe County Airport Authority alleged they were terminated in retaliation for whistle-blowing activities protected by the First Amendment. *Id.* at 325. We applied issue preclusion to the legal question of the plaintiffs' employment status (at-will or civil service). *Id.* at 330. *Clements* does not govern the outcome of this case because we there relied on an opinion issued by the Nevada Supreme Court resolving the precluded issue without deference to the underlying administrative proceeding. *Id.* ("The determination to which we give preclusive effect here is the Nevada Supreme Court's ruling that [plaintiff] was an at-will employee . . . ."). No independent state-court opinion is involved in this case.

Appellees also cite the district court decision in *Roberts* for the proposition that Nevada would grant administrative determinations made under a substantial evidence standard issue preclusive effect. (Appellees' Br. 22.) That case involved a lower evidentiary standard than applies here. In *Roberts*, the district court applied issue preclusion to "a substantive due process claim based upon arbitrary and capricious discharge from employment." 849 F. Supp. at 1398. Under Nevada law, the hearing officer reviewed the agency action for arbitrariness, and therefore application of issue preclusion did not involve use of different standards of review or burdens of proof. *See* Nev. Rev. Stat. § 284.390(1), (6).[3] Thus *Roberts* does not counsel a different result.

---

[3]Appellants argue in their brief that their complaint alleges a substantive due process injury resulting from arbitrary and unreasonable termination

**[6]** We believe that Nevada would follow the majority of jurisdictions in finding that decisions made under a substantial evidence standard of review are not entitled to preclusive effect in later claims involving a more stringent standard of proof.[4] The district court therefore improperly applied issue preclusion.

## IV.   QUALIFIED IMMUNITY

Appellants assert Murray and Elique (the "Supervisors") violated their clearly established constitutional rights by initiating an investigation without giving Appellants proper notice under Nev. Rev. Stat. § 289.060, and by denying them "light duty" when they returned to work following injury-related leave under Nev. Rev. Stat. § 281.153. The district court applied the doctrine of qualified immunity and dismissed these claims.[5]

---

of government employment. (Appellants' Br. 28-29.) While we have yet to decide whether to recognize such an action in this circuit, *see Portman v. County of Santa Clara*, 995 F.2d 898, 908 (9th Cir. 1993), we need not decide the question here because the hearing officer's determination, which reviewed UNLV's decision for arbitrariness, would preclude such a claim. *See Roberts*, 849 F. Supp. at 1399-1400.

[4]We recognize that two of our sister circuits have allowed an exception to the general rule of issue preclusion in cases where a finder of fact clearly determined an issue at a more stringent burden of proof than necessary. *See Lane v. Sullivan*, 900 F.2d 1247, 1251 (8th Cir. 1990); *Marlene Indus. Corp. v. NLRB*, 712 F.2d 1011, 1017 (6th Cir. 1983). Neither Nevada nor the Ninth Circuit has considered this exception, but we note that the hearing officer's determination declares that it uses a "substantial evidence" burden of proof, which would prevent us from finding that his factual determinations were made at a more stringent burden of proof than necessary.

[5]The district court held, and the parties do not dispute, that the University and Community College System of Nevada, the University of Nevada, Las Vegas, Elique and Murray cannot be liable under § 1983 in their official capacities, because, in that capacity, they are not "persons" within the definition of that statute. (*See* Appellants' Br. 27.)

To determine whether summary judgment on qualified immunity was proper, we must first evaluate whether, taking the facts in the light most favorable to the non-moving parties and drawing inferences in their favor, those facts establish that the official's conduct violated a constitutional right. *Ceballos v. Garcetti*, 361 F.3d 1168, 1172 (9th Cir. 2004) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If so, we must determine whether the right was clearly established at the time of the improper act. *Id.* If the right was clearly established, we must determine whether the official's actions were the result of a reasonable mistake of fact or law. *Id.*

**[7]** Appellants contend that Nev. Rev. Stat. § 289.060 required the Supervisors to notify Appellants at the outset of the Attorney General's investigation.[6] The language of the statute appears to provide that it is the agency conducting the investigation — in this case, the Attorney General's Office — that must notify a peace officer prior to any interrogation or hearing it conducts. The subsequent amendments to the statute further support this conclusion. In its 2005 amendments to § 289.060, the Nevada legislature stated that "*[e]xisting law* requires a *law enforcement agency*, if practical, to notify a peace officer in writing within a reasonable time *before interrogating or holding a hearing . . . .*". 2005 Nev. Stat. Ch. 195, A.B. No. 259 (Legislative Counsel's Digest) (emphasis added). Therefore, it appears that under Nevada law, the responsibility for notifying Appellants was that of the Attorney General's Office, and the Supervisors did not violate Appellants' constitutional rights by failing to do so. In any event, even if we were to assume that the Supervisors violated Appellants' due process rights, they would still be entitled to qualified immunity because Appellants have not demonstrated

---

[6]Nev. Rev. Stat. § 289.060(1) (amended 2005) states:

> The agency shall, within a reasonable time before any interrogation or hearing is held relating to an investigation of the activities of a peace officer which may result in punitive action, provide written notice to the officer if practical under the circumstances.

that such a right was clearly established. A reasonable reading of the statute suggests that an agency need provide notice only when the agency itself conducts an interrogation or holds a hearing in connection with an investigation; there is no Nevada case law to the contrary. Therefore, at the time of the Attorney General's investigation, it was not clear to a reasonable official holding an office such as was held by the Supervisors that he must notify a peace officer prior to an interrogation or hearing conducted by another agency.

Appellants also contend that their constitutional rights were violated by their Supervisors' refusal to grant them "light duty" status upon their return from injury leave. The statute providing for light work is discretionary. Nev. Rev. Stat. § 281.153(2)(b) (an employer "[m]ay allow a police officer or fireman to return to light-duty employment") (amended 2005). Appellants cannot assert a property interest in a discretionary benefit. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) ("[A] statute that grants the reviewing body unfettered discretion to approve or deny an application does not create a property right.").

In their brief, Appellants argue that they had "clearly established federal rights and property/liberty interests in their continued employment with UNLV which were negatively and detrimentally impaired by the wrongful termination proceedings against them." (Appellants' Br. 28.) This may be construed as a claim that Appellants were denied a clearly established procedural due process right to a hearing prior to adverse employment action. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985). With respect to their April suspensions, Appellants had no clearly-established due process right to a pre termination hearing because they were put on leave with pay. *See id.* Nor did Appellants' final terminations violate a clearly established due process right because Appellants were offered, but declined to attend, an informal hearing prior to their final terminations in July 2002.

**[8]** Therefore, the district court did not err in holding that the Supervisors are entitled to qualified immunity on these claims.

## V.   CONCLUSION

Because the district court erred in applying issue preclusion to the hearing officer's determination, the order granting summary judgment on the basis of issue preclusion is REVERSED and the action is REMANDED to the district court. The district court's dismissal of the remaining claims under the doctrine of qualified immunity is AFFIRMED.