David C. **DRAKEFORD**,
Plaintiff–Appellant,

v.

**COUNTY OF ORANGE**; Michael Carona, in his individual capacity; Mendoza, Deputy, in his official and individual capacity; Brotheim, Deputy Sergeant, in his official and individual capacity; Doug Storm, Assistant Sheriff; J.B. Davis, Sgt.; Matthew Barr, Sgt.; Mendoza, Deputy; J. Keller, Deputy; D. Sievers, Deputy; S. Blaszak, Deputy; R. Mergen, Deputy; J. Finley, Deputy; M. Ellis, Deputy; Janice Murphy; Janice Fry; Abbott, Lt., Defendants–Appellees.

David C. **Drakeford**, Plaintiff–Appellee,

v.

**County of Orange**; Michael Carona, Sheriff; Mendoza, Deputy; Deputy Sergeant Brotheim; Does 1–10; Doug Storm, Assistant Sheriff; Sergeant Matthew Barr; Deputy J. Keller; Deputy D. Sievers; Deputy S. Blaszak; Deputy R. Mergen; Deputy J. Finley; Janice Murphy; Janice Fry; Lieutenant Abbott, Defendants–Appellants.

Nos. 04–57002, 05–55133.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Dec. 14, 2006.

Gary S. Casselman, Esq., Law Offices of Gary S. Casselman, Los Angeles, CA, Joe H. Freeman, Law Offices of Joe H. Freeman & Associates, Burbank, CA, for Plaintiff–Appellant.

David D. Lawrence, Esq., Christina M. Sprenger, Esq., Rosamund M. Lockwood, Esq., Franscell Strickland, et al., Glendale, CA, Frank S. Harrell, Lynberg & Watkins, Orange, CA, for Defendants–Appellants.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

## MEMORANDUM *

David Drakeford appeals the district court's grant of qualified immunity to several sheriff's deputies and 911 operators in his 42 U.S.C. § 1983 action. He also appeals the district court's grant of summary judgment on his claims of municipal liability, supervisory liability and failure to train. The County of Orange interlocutorily cross-appeals the district court's denial of its summary judgment motion on Drakeford's negligence claim. We affirm. Because the parties are familiar with the facts, we do not recount them here.

## I. Qualified Immunity

Qualified immunity analysis consists of two questions. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Second, if a violation occurred, was the right clearly established? *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. 2151. As the Supreme Court has explained, this second step must be analyzed "in light of clearly established law *and the information the ... officers possessed." Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (emphasis added). Thus an officer whose actions in fact violate clearly established law may nonetheless be entitled to qualified immunity if those actions are reasonable in light of the information the

officer had at the time of the arrest. *See Dias v. Elique,* 436 F.3d 1125, 1131 (9th Cir.2006) ("If the right was clearly established, we must determine whether the official's actions were the result of a reasonable mistake of fact or law."); *Franklin v. Fox,* 312 F.3d 423, 437–38 (9th Cir.2002).

■ We affirm the district court's ruling that the arresting officers acted reasonably "in light of the information [they] possessed." The officers received a Priority One dispatch urging all units to respond to possible bank robbery suspects connected to a high-profile crime spree. The tip came from an off-duty police officer, Sergeant Barr, who later provided an on-scene identification of Drakeford's vehicle. Although the officers erred in concluding that Barr had established probable cause to support the arrest, their reliance upon the dispatches was not unreasonable. *United States v. Hensley,* 469 U.S. 221, 231–32, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); *Motley v. Parks,* 432 F.3d 1072, 1082 (9th Cir.2005).

■ Similarly, we agree that Sergeant Barr's actions were reasonable. Barr did not order, nor did he participate in, Drakeford's arrest. While Drakeford seemingly faults Barr for failing to intervene once he discovered an arrest was in progress, he cites no law establishing that Barr had a constitutional duty to do so. *See Ting v. United States,* 927 F.2d 1504, 1511 (9th Cir.1991).

■ Finally, the district court correctly ruled that no clearly established constitutional doctrine put 911 operator Murphy and dispatcher Fry on notice that their actions would result in a violation of constitutional rights. We reject Drakeford's contention that Murphy and Fry are not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

entitled to qualified immunity as a matter of law. Qualified immunity protects those government officials "who are required to exercise their discretion, and who routinely make close decisions in the exercise of the broad authority that necessarily is delegated to them." *Meyers v. Redwood City,* 400 F.3d 765, 770 (9th Cir.2005) (internal quotations and citations omitted). Murphy's and Fry's duties bring them within the scope of the doctrine. *See Beltran v. City of El Paso,* 367 F.3d 299, 303–04 (5th Cir.2004).[1]

## II. Drakeford's Additional Claims

■ We affirm the grant of summary judgment for defendants on Drakeford's claim of municipal liability. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Drakeford has failed to establish a municipal policy because he fails to show any alleged policy was adopted by a policymaker with final decisionmaking authority. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Although Drakeford claims that Murphy and Fry constitute decisionmakers for Section 1983 purposes, he offers no state law delegating power to such employees to determine county policy regarding arrest procedures. *Gillette v. Delmore,* 979 F.2d 1342, 1349–50 (9th Cir.1992). Drakeford also fails to establish a municipal custom, as he fails to show any of the customs he alleged occurred at any time other than his arrest or resulted in the unconstitutional arrest of anyone other than himself. *See Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443–44 (9th Cir.1989); *see also Lewis v. Sacramento County,* 98 F.3d 434, 446–47 (9th Cir.1996),

*rev'd on other grounds,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

■ We also affirm the grant of summary judgment on Drakeford's claim for failure to train. The defendants have shown that each individual officer received substantial training regarding the constitutional standards for vehicle stops and arrest procedures. Drakeford challenges the quality of this training, but only offers as support the events surrounding his arrest. "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *City of Canton v. Harris,* 489 U.S. 378, 391, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *see also Merritt v. County of Los Angeles,* 875 F.2d 765, 770 (9th Cir.1989). Drakeford also challenges the frequency of this training, but he neither cites law showing that "stale training" may give rise to municipal liability nor shows that any "stale training" here constitutes deliberate indifference. Our case law suggests otherwise. *See Lewis,* 98 F.3d at 446–47; *Merritt,* 875 F.2d at 770.

Finally, we affirm the grant of summary judgment as to Drakeford's supervisory liability claim. Drakeford does not allege that defendants Carona, Storm, or Abbott were personally involved in his arrest. In light of our ruling on the failure to train claim, Drakeford has not established a triable issue of fact regarding whether these defendants engaged in "wrongful conduct" exhibiting "deliberate indifference" toward his rights. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (en banc). Brotheim is entitled to qualified immunity for the reasons discussed in Section I, *supra.*

---

1. Drakeford does not appear to challenge the district court's conclusion that there is insufficient evidence to show a triable issue of fact as to Lieutenant Abbott's direct liability. To

the extent that he does so, this decision is affirmed as well. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

## III. Defendants' Cross–Appeal

■ Defendants cross-appeal the district court's denial of immunity regarding Drakeford's state law negligence claim. We affirm the district court's holding that negligence resulting in a false arrest is actionable under California Government Code Section 820.4. Initially, we note that defendants' appeal to Section 820.2 is misplaced: this "discretionary act" immunity is limited to "basic policy decisions" and does not extend to negligence committed in the course of regular police work. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir.1998).

Section 821.6 also does not shield defendants from Drakeford's claim. The California Supreme Court has read Sections 820.4 and 821.6 together to shield officers from "liability for ... a suspect's incarceration after the institution of lawful process" but not "when a police officer causes a suspect to be confined unlawfully" or without process. *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 758, 63 Cal. Rptr.2d 842, 937 P.2d 273 (1997). Defendants correctly note that California courts have extended Section 821.6 immunity to bar claims based upon negligent police investigation as "an essential step toward the institution of formal proceedings." *Amylou R. v. County of Riverside*, 28 Cal. App.4th 1205, 1210, 34 Cal.Rptr.2d 319 (1994) (internal quotations omitted). But these cases note the exception from immunity for false arrest-related claims established by Section 820.4. *See id.* at 1211 n. 2, 34 Cal.Rptr.2d 319; *see also Harden v. S.F. Bay Area Rapid Transit Dist.*, 215 Cal.App.3d 7, 15, 263 Cal.Rptr. 549 (1989) (extending liability to any party taking part in or assisting the commission of a false imprisonment). Our case law is not to the contrary. *See Martinez*, 141 F.3d at 1381 (permitting negligence claim to proceed on the same facts that establish triable false imprisonment claim). Moreover, Drakeford's allegations encompass more than negligent investigation. Because the alleged negligence at issue caused Drakeford to be "confined unlawfully" and no lawful process was ever instituted, we affirm that Section 821.6 is inapplicable and that Section 820.4 precludes state law immunity on this count.

Defendant County of Orange also claims that the district court erred in failing to grant the County summary judgment as to any direct liability under Drakeford's negligence count. We find it unnecessary to reach this issue, as Drakeford only seeks recovery from the County on this count on a *respondeat superior* theory. *See* Cal. Gov.Code § 815.2.

AFFIRMED.