**Terri L. SRCH, Plaintiff–Appellant,**

v.

**3M COMPANY, Defendant–Appellee.**

No. 06–15221.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Dec. 14, 2007.

McKissick, Vanwalraven & Harris, Chtd., Reno, NV, for Defendant–Appellee.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

MEMORANDUM **

Terri L. Srch appeals the district court's grant of summary judgment in favor of defendant 3M Company. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Under Minnesota law, "the primary goal of contract interpretation is to determine and enforce the intent of the parties." *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2003). "Where the parties express their intent in unambiguous words, those words are to be given their plain and ordinary meaning." *Id.* The intent of the parties should not be ascertained from the words of the contract viewed in isolation, " 'but rather from a process of synthesis in which the words and phrases are given a meaning in accordance with the obvious purpose of the contract ... as a whole.' " *Id.* (quoting *Republic Nat'l Life Ins. Co. v. Lorraine Realty Corp.,* 279 N.W.2d 349, 354 (Minn.1979)).

A contract is ambiguous if it is susceptible to more than one interpretation. *Current Tech. Concepts, Inc. v. Irie Enters., Inc.,* 530 N.W.2d 539, 543 (Minn.1995). "If a contract is ambiguous, it must be construed against its drafter." *Id.* However, the terms of a contract will not be considered ambiguous solely because the parties dispute their proper interpretation. *Metropolitan Sports Facilities Comm'n. v. General Mills, Inc.,* 470 N.W.2d 118, 123 (Minn.1991) ("A party cannot alter unequivocal language of a contract with speculation of an unexpressed intent of the parties.").

After carefully considering the evidence in the record and the parties' arguments, we agree with the district court that Srch's submissions failed to qualify under the unambiguous terms of the incentive plan. Srch's submissions were not "specifications" as required by the incentive plan. Further, Srch failed to provide any evidence that a number of the specifications for the products she submitted were "written" or "developed and generated" after the start of 2001. Even assuming that the district court should have considered hearsay statements by Linda Sheets, *see Fraser v. Goodale,* 342 F.3d 1032, 1036–37 (9th Cir.2003), there is no genuine issue of material fact that Srch was entitled to compensation under the incentive plan. *Dias v. Elique,* 436 F.3d 1125, 1128 (9th Cir. 2006).

**AFFIRMED.**