**Brian DIAS; William Mason, Sr.,**
**Plaintiffs–Appellants,**

v.

**Jose ELIQUE; Carol Harter; Michael T. Murray; Brian Sandoval; State of Nevada; The Nevada Attorney General's Office; University and Community College System of Nevada, Defendants–Appellees.**

**No. 05–16924.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2006.*

Filed April 30, 2008.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiffs–Appellants.

Richard C. Linstrom, Esq., Office of the General Counsel, Liesl K. Freedman, Esq., Edward L. Magaw, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

At issue in this appeal is an order of the district court awarding attorneys' fees to Appellees. *Mason v. Nevada,* No. CV–05–00368–RLH/LRL (D.Nev. Sept. 21, 2005). The essential facts of this case are stated in a related appeal, *Dias v. Elique,* No. 05–16440 (9th Cir. May ——, 2008), issued today. The district court had jurisdiction under 28 U.S.C. § 1343 (2000) and 28 U.S.C. § 1367 (2000). We have jurisdiction to review the final order of the district court granting attorneys' fees under 28 U.S.C. § 1291. An award of attorneys' fees under 42 U.S.C. § 1988 is reviewed for abuse of discretion. *Karam v. City of Burbank,* 352 F.3d 1188, 1192 (9th Cir. 2003).

A prevailing defendant in an action under 42 U.S.C. § 1983 may be awarded attorneys' fees if the suit in question was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

L.Ed.2d 648 (1978). Although we find that Appellants' malicious prosecution claim was precluded by factual determinations issued by Justice Reed in a prior proceeding, the preclusive effect of the prior determination was unclear at the time Appellants' claims were filed. In addition, the district court's determination that Appellants' negligent supervision and other constitutional claims were frivolous also relied on the fact that, "after a judgment was entered against them in the state administrative proceeding and by Chief Judge Pro, Plaintiffs again brought an action against UCCSN and State Defendants based on the same claims previously decided." *Mason v. Nevada*, No. CV–05–00368–RLH/LRL, slip op. at 5. This finding was called into question by our decision reversing Chief Judge Pro's grant of summary judgment based on the issue preclusive effect of the state administrative hearing. *See Dias v. Elique*, 436 F.3d 1125, 1133 (9th Cir.2006). For these reasons, we find that Appellants' claims were not frivolous, unreasonable, or without foundation, and that the district court's award of attorneys' fees therefore constitutes an abuse of discretion.

Accordingly, we REVERSE the district court's decision awarding attorneys' fees to Appellees.