**Susan JONES, Plaintiff–Appellant,**

v.

**U.S. BANK NATIONAL ASSOCIATION, doing business as U.S. Bank; et al., Defendants–Appellees.**

No. 06–35577.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2008.

Filed Sept. 22, 2008.

282

Mary E. Schultz, Mary E. Schultz & Associates, P.S., Spokane, WA, for Plaintiff–Appellant.

Julie S. Lucht, Perkins Coie, LLP, Seattle, WA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM *

Susan Jones appeals the district court's grant of U.S. Bank's summary judgment motion and the district court's denial of her motion to amend her complaint.

The district court did not abuse its discretion when it denied Jones's motion to amend as futile. *See Chappel v. Laboratory Corp.*, 232 F.3d 719, 725 (9th Cir.2000).

■ It is likely that the Washington Supreme Court would require Jones to show that the alleged age-related disparate treatment she received rose to the level of an adverse employment action. *See Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir.2006) (explaining that in the absence of controlling Washington Supreme Court authority, we interpret Washington law as we believe the Washington Supreme Court would); *see also Berry v. Dep't of Soc. Servs.*, 447 F.3d 642 (9th Cir.2006) (disparate treatment in an age-related case must rise to the level of an adverse employment action); *Antonius v. King County*, 153 Wash.2d 256, 103 P.3d 729 (2004); *Xieng v. Peoples Nat'l Bank of Wash.*, 120 Wash.2d 512, 844 P.2d 389 (1993); *Hegwine v. Longview Fibre Co.*, 132 Wash.App. 546, 132 P.3d 789 (2006); *Kirby v. City of Tacoma*, 124 Wash.App. 454, 98 P.3d 827 (2004). Jones cannot make out a prima facie case of age-related disparate treatment prior to her termination because she has not shown that the alleged disparate treatment rises to the level of an adverse employment action.

■ Moreover, even if the Washington Supreme Court would not require an adverse employment action, Jones has not shown that she was treated differently than any similarly situated employees performing substantially the same work, so she cannot make out a prima facie case of age-related disparate treatment. She has not provided evidence of any other supervisory employee who similarly undermined workplace morale by making demeaning references to higher level management, which ultimately management found out about. Because amendment to the complaint would have been futile, the district court did not abuse its discretion by denying her motion to amend her complaint.

■ The district court similarly did not err in granting U.S. Bank's motion for summary judgment. The Washington Supreme Court follows the evidentiary burden-shifting protocol the Supreme Court set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See, e.g., Hill v. BCTI Income Fund–I*, 144 Wash.2d 172, 23 P.3d 440 (2001). Jones has made a prima facie showing of age-related discriminatory discharge. *See Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash.2d 355, 753 P.2d 517, 520 (1988). U.S. Bank has satisfied

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

its burden by producing evidence of a legitimate, nondiscriminatory explanation for terminating Jones. Jones, however, failed to show that U.S. Bank's stated reason for the firing her was merely pretextual. *See, e.g., Griffith v. Schnitzer Steel Industries, Inc.,* 128 Wash.App. 438, 115 P.3d 1065, 1070 (2005); *Kirby v. City of Tacoma,* 124 Wash.App. 454, 98 P.3d 827, 834 (2004). U.S. Bank is therefore entitled to judgment as a matter of law, and the district court did not err in granting U.S. Bank's summary judgment motion. *See Hill v. BCTI Income Fund–I,* 144 Wash.2d 172, 23 P.3d 440, 446 (2001).

AFFIRMED.

TASHIMA, Circuit Judge, dissenting:

Susan Jones was fired after 24 years' employment with U.S. Bank, ostensibly because of her use of an epithet to describe a supervisor—a charge that she denied. Because Jones presented specific evidence regarding the more demanding performance standards required of her compared to younger branch managers, I believe that she could have established a prima facie case of disparate treatment; accordingly, the district court abused its discretion in denying Jones' motion for leave to amend her complaint. Moreover, Jones presented extensive evidence that U.S. Bank's reason for firing her was pretextual. The district court erroneously resolved the factual disputes raised by Jones' evidence, rather than allowing the evidence to be presented to a jury. The district court therefore erred in granting U.S. Bank's motion for summary judgment. For these reasons, I respectfully dissent.

In order to establish a prima facie case of disparate treatment under Washington law, Jones would have to demonstrate that she was treated differently from younger employees who were otherwise similarly situated. *Marquis v. City of Spokane,* 130 Wash.2d 97, 922 P.2d 43, 52 (1996) (en banc). In *Marquis,* which involved a disparate treatment action alleging sex discrimination in the making of a contract, the Supreme Court of Washington stated that the plaintiff could show she was treated differently by showing that she was "treated in a manner that made the performance of the work more difficult than that of members of the opposite sex who were similarly situated." *Id.; see also Johnson v. Dep't of Social & Health Servs.,* 80 Wash.App. 212, 907 P.2d 1223, 1231 (1996) (stating that, in order to establish a prima facie case of racial discrimination due to disparate treatment, the plaintiff only needed to show that the employer simply treated some people less favorably because of their race). Jones presented extensive, specific evidence regarding the more demanding standards required of her that were not required of younger managers. She has presented "more than conclusory allegations" with respect to each element of her case. *Marquis,* 922 P.2d at 52. I therefore believe that Jones' amendment would not have been futile and that the district court accordingly abused its discretion in denying Jones' motion to amend her complaint to include a claim for age-related disparate treatment. *See Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir.2002) (stating that "[i]t is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)).

Jones also presented extensive, specific evidence that U.S. Bank's reason for firing her was pretextual, including evidence that she did not use the offensive term that U.S. Bank alleged that she used. Contrary to the majority's characterization of the incident, Jones simply did not "undermine[ ] workplace morale by demeaning references to higher level management."

Maj. dispo. at 282. Rather, viewing the evidence in the light most favorable to Jones, as we must do when reviewing a grant of summary judgment, a former employee accused Jones of using an offensive term *one time* to describe a supervisor whom other employees similarly disparaged, according to evidence put forth by Jones. Jones denied using the term, and it is undisputed that she did not say it to the person's face. She presented evidence that other employees, including managers, who used similar language in speaking of this person were not disciplined, that the U.S. Bank training manual does not prohibit swearing, and that the training manual's procedure for addressing alleged insubordination was not followed.

" 'As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment.' " *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir.2000)). Jones has presented both direct and circumstantial evidence of pretext that is specific and substantial. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 (9th Cir.2006) (stating that a plaintiff may rely on circumstantial evidence that is specific and substantial in order to create a genuine issue of material fact as to whether a defendant's proffered explanation is a pretext for discrimination); *see also Griffith v. Schnitzer Steel Indus., Inc.*, 128 Wash.App. 438, 115 P.3d 1065, 1070 (2005) (stating that "[a]n employee need not produce direct or 'smoking gun' evidence to show pretext," but that "circumstantial and inferential evidence can be sufficient").

Granting summary judgment on a record such as this clearly violates our well-established standard that summary judg-

ment is appropriate only where there are no genuine issues of material fact. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144 (9th Cir.2006) (" 'This Court has set a high standard for the granting of summary judgment in ... discrimination cases ... because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.' ") (ellipses in original) (quoting *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996)); *see also Davis v. West One Auto. Group*, 140 Wash.App. 449, 166 P.3d 807, 811 (2007) ("Summary judgment in favor of the employer in a discrimination case is often inappropriate because the evidence will generally contain reasonable but competing inferences of both discrimination and nondiscrimination that must be resolved by a jury."); *Johnson*, 907 P.2d at 1233 ("Even if the defendant articulates a legitimate, nondiscriminatory reason for the challenged employment decision, thus shifting the burden to the plaintiff to prove that the articulated reason is pretextual, summary judgment is normally inappropriate.").

The district court and the majority disposition erroneously resolve all the factual disputes raised by the evidence in favor of the employer. At the summary judgment stage, however, "[w]e do not weigh the evidence or determine whether the employee's allegations are true." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088 (9th Cir.2008). Rather, in employment discrimination cases, "we have emphasized the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses.' " *Id.* at 1089 (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir.2004)). Simply

put, whether U.S. Bank's proffered reason for firing Jones is pretextual is "a question for the jury." *Marquis*, 922 P.2d at 53.

Because the district court erred in granting summary judgment in favor of defendant U.S. Bank, I respectfully dissent.