**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 11-15496 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00482-LDG-RAM |
| v. | |
| ESMAIL D. ZANJANI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted July 26, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Hussein Hussein appeals *pro se* from the district court's order dismissing his action challenging the issuance of subpoenas. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We grant defendants' motion for judicial notice of the district court and appellate court dockets in the related cases because the record of this case and the parties' arguments contain numerous references to documents in those cases. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

**1.     The Law Firm defendants**

The district court granted the Law Firm defendants' motion to dismiss all claims against them. We review *de novo* a district court's dismissal order, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and may affirm on any ground supported by the record. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003). The allegations in appellant's complaint were conclusory and failed to allege facts sufficient to state a federal claim under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), or 29 U.S.C. § 701 *et seq.*

In addition, appellant was precluded by principles of collateral estoppel from litigating whether the subpoenas were wrongfully issued. An issue decided in prior litigation in a ruling that was on the merits and final may not be relitigated by a party to the prior litigation. *Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir. 2006). In at least two related cases, the district court made final determinations on the merits that the Law Firm defendants' issuance of the subpoenas was not improper. *See Hussein v. Frederick, et al.*, 06-0585-RLH Doc # 81 (order granting motion to

dismiss); *Hussein v. NSHE, et al.*, 04-0455-RAM Doc # 669 (order finding Dr. Hussein in contempt and imposing sanctions).

## 2.     The University defendants

The district court granted the University defendants' motion for judgment on the pleadings based on collateral estoppel.  We review *de novo* the district court's order granting a motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Appellant alleged only derivative liability on the part of the University defendants based on the conduct of their defense counsel in issuing the subpoenas in the prior litigation.  The district court's prior rulings in related cases established that the subpoenas were not improper and foreclosed relitigation of that issue.  *Dias*, 436 F.3d at 1129.

## 3.     Remaining contentions

We have reviewed appellant's remaining contentions, including that the district court erred by failing to rule on his emergency motion and dismissing the case after appellant withdrew the only pleading in the case, his second amended complaint.  These contentions are not persuasive.

**AFFIRMED.**

11-15496