NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HO KEUNG TSE,**

*Plaintiff-Appellant*

**v.**

**APPLE INC., MUSICMATCH, INC., SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC,**

*Defendants-Appellees*

---

2015-1639

---

Appeal from the United States District Court for the Northern District of California in No. 4:06-cv-06573-SBA, Judge Saundra Brown Armstrong.

---

Decided: November 5, 2015

---

HO KEUNG TSE, Hong Kong, China, pro se.

MICHAEL ALLEN JACOBS, Morrison & Foerster, LLP, San Francisco, CA, for defendant-appellee Apple Inc. Also represented by RICHARD HUNG, ESTHER KIM; BRIAN ROBERT MATSUI, Washington, DC.

DOUGLAS ETHAN LUMISH, Latham & Watkins LLP, Menlo Park, CA, for defendant-appellee MusicMatch, Inc. Also represented by PATRICIA YOUNG.

JOHN FLOCK, Kenyon & Kenyon, LLP, New York, NY, for defendant-appellee Sony Network Entertainment International, LLC. Also represented by MICHELLE CARNIAUX.

_____

Before PROST, *Chief Judge,* REYNA, *Circuit Judge,* and STARK, *Chief District Judge.**

PER CURIAM.

This appeal arises from an order of the United States District Court for the Northern District of California dismissing a patent infringement action filed by the plaintiff, Ho Keung Tse, against Apple Inc., MusicMatch, Inc., and Sony Network Entertainment International LLC (collectively, "Defendants"). Tse asserted claims 1-5, 13, 16, 17, 20, and 23-26 of U.S. Patent No. 6,665,797 ("'797 patent") against the Defendants. The district court dismissed the action based on the doctrine of collateral estoppel. The district court noted that the same claims were previously found invalid for lack of written description, *Tse v. Google, Inc.*, 2013 WL 6502478 (N.D. Cal Dec. 11, 2013), and that we summarily affirmed that invalidity determination, *Tse v. Google, Inc.*, 571 F. App'x 951 (Fed. Cir. 2014).

Because we agree that Tse's action is barred by the doctrine of collateral estoppel, we affirm the district court's dismissal order.

_____

* Honorable Leonard P. Stark, Chief District Judge, United States District Court for the District of Delaware, sitting by designation.

BACKGROUND

On August 5, 2005, Tse filed an action against the Defendants in the District of Maryland alleging infringement of the '797 patent. The case was then transferred to the Northern District of California. On July 24, 2007, the Defendants initiated an *ex parte* reexamination proceeding of all of the asserted claims of the '797 patent and the district court stayed the case pending conclusion of the reexamination. While those proceedings were pending, Tse sued Google, Inc.; Samsung Telecommunications America, LLC; HTC America; and Blockbuster, LLC alleging infringement of the same claims of the '797 patent that are at issue here. On December 11, 2013, the district court in that case ("the *Google* litigation") found claims 1-5, 13, 16, 17, 20, and 23-36 of the '797 patent invalid for lack of written description under 35 U.S.C. § 112. *Tse v. Google, Inc.*, 2013 WL 6502478, at *6. Tse appealed that ruling, and, on July 16, 2014, we summarily affirmed the invalidity determination. *Tse v. Google, Inc.*, 571 F. App'x 951 (Fed. Cir. 2014). Tse then petitioned for panel rehearing and rehearing en banc, both of which we denied. Tse also filed a petition for writ of certiorari from the Supreme Court, which was similarly denied.

The district court in this case issued an order to show cause, directing the parties to demonstrate why this action should or should not be dismissed based on the outcome of the *Google* litigation. The district court put a five-page limit on the submissions. Tse submitted a brief pursuant to the district court's order but did not address the applicability of collateral estoppel; instead, Tse primarily argued that the invalidity determination in the *Google* litigation was erroneous. The district court concluded that Tse had ample opportunity in the *Google* litigation to argue against invalidity and that the *Google* court issued a reasoned and detailed order granting summary judgment. Thus, the district court held that Tse

was collaterally estopped from re-litigating the validity of the same claims from the '797 patent and dismissed the action. Tse appeals from that dismissal.

## DISCUSSION

We apply the law of the regional circuit to the application of collateral estoppel. *See Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1345 (Fed. Cir. 2002). In the Ninth Circuit, the availability of collateral estoppel is a mixed question of law and fact reviewed de novo. *United States v. Geophysical Corp. of Alaska,* 732 F.2d 693, 697 (9th Cir. 1984). Once it is determined that collateral estoppel is available, the Ninth Circuit reviews a district court's decision to accord preclusion and apply collateral estoppel for an abuse of discretion. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

"The doctrine of collateral estoppel applies if (1) the issue sought to be precluded from relitigation is identical to the issue decided in the earlier proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; and (4) the person against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding." *Enovsys LLC v. Nextel Commc'ns, Inc.*, 614 F.3d 1333, 1342-43 (Fed. Cir. 2010) (applying California law). However, "a judgment of invalidity will have no collateral estoppel effect if the patentee can show that it did not have a full and fair opportunity to litigate." *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329-334 (1971)).

On appeal, Tse first challenges the merits of the invalidity determination in the *Google* litigation. That challenge fails, however, because the relevant inquiry here is whether the district court properly applied collateral estoppel, not whether the judgment of invalidity is cor-

rect. *Pharmacia & Upjohn*, 170 F.3d at 1380 ("[O]ur role is limited to reviewing the district court's application of collateral estoppel, not the correctness of the [underlying] verdict[].").

Tse next relies on language from *Blonder-Tongue* to argue that, because the *Google* court "wholly failed to grasp the technical subject matter," Tse was unable to fully and fairly litigate the validity of the '797 patent in the prior case. *Blonder-Tongue*, 402 U.S. at 333 (noting that a factor in determining whether a patentee has had a full and fair chance to litigate is whether "the opinions filed by the District Court and the reviewing court, if any, indicate that the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and issues in suit"). This challenge also fails because Tse has not shown that this is "one of those relatively rare instances." *Id.* In fact, the record indicates that the *Google* court fully grasped the technical subject matter and provided a well-reasoned order granting summary judgment, which we summarily affirmed on appeal.

Finally, Tse argues that he was denied a full and fair opportunity to contest collateral estoppel because he was confined to a five-page brief in response to the district court's order to show cause. Tse did not, however, seek additional briefing to address the issue of collateral estoppel, and, in fact, spent the entire five pages of his brief attacking the merits of the underlying judgment. Moreover, Tse had the opportunity on appeal to contest the collateral estoppel issue and again chose to primarily focus on the merits of the invalidity determination. Thus, the district court did not err in limiting the submissions in response to its order to show cause to five pages.

CONCLUSION

For the reasons stated above, we affirm the district court's dismissal of the action due to collateral estoppel.

**AFFIRMED**