**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PHILLIP MICHAEL SPENCER, <br><br> Debtor, <br><br>------------------------------ <br><br> NEIL F. CAMPBELL, <br><br> Appellant, <br> v. <br><br> PHILLIP MICHAEL SPENCER; MARK S. BUCKMAN, Esquire, <br><br> Appellees. | No.   17-60065 <br><br> BAP Case No.  SC-16-1253-FBJu <br> BK Nos. 3:14-bk-09514-MM, <br> 3:14-bk-08384-MM <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted February 8, 2019[**]
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and MURPHY,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Neil Campbell appeals the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's finding that the debt Phillip[1] Spencer and Mark Buckman owed to him was dischargeable in bankruptcy. The bankruptcy court determined the debt was dischargeable because Spencer and Buckman's reliance on the advice of their counsel precluded a finding of the requisite intent under 11 U.S.C. § 523(a)(4). We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.

We review decisions of the BAP de novo. *In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008). We independently review the bankruptcy court's rulings on appeal from the BAP. *In re Khan*, 846 F.3d 1058, 1062 (9th Cir. 2017) (citation omitted). We review questions of law and mixed questions of fact and law—such as the dischargeability of a debt—de novo. *Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004). We review factual findings for clear error, which means we "accept findings of fact made by the bankruptcy court unless [those] findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *In re Khan*, 846 F.3d at 1063 (alteration in original) (citation omitted). Finally, we review a bankruptcy court's decision to apply issue preclusion for abuse of discretion. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

---

[1] The record suggests that Spencer's first name is spelled "Philip."

During bankruptcy proceedings, a debtor cannot discharge a debt that arises from "fraud or defalcation while [the debtor acted] in a fiduciary capacity." 11 U.S.C. § 523(a)(4). To prove defalcation, a creditor must establish a "culpable state of mind . . . involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013). Conduct satisfying this state-of-mind requirement includes bad faith, moral turpitude, other immoral conduct, or an intentional wrong—defined as "conduct that the fiduciary knows is improper" or when the fiduciary "consciously disregards (or is willfully blind to) a substantial and unjustifiable risk that his conduct will . . . violate a fiduciary duty." *Id.* at 273–74 (internal quotation marks omitted) (citation omitted).

First, the bankruptcy court did not abuse its discretion by rejecting the applicability of issue preclusion as to and conducting a trial on the question of Spencer and Buckman's intent.[2] The bankruptcy court properly determined that the arbitrator's findings regarding intent were not sufficiently clear.

In his fiduciary-duty analysis, the arbitrator found that Spencer and Buckman's actions "were done purposefully (and therefore willfully)," "were harmful to [Campbell]," and were "designed to deny him the benefits of ownership." In his constructive fraud analysis, however, the arbitrator determined

---

[2] Issue preclusion was available, and no party contends otherwise.

that the same conduct lacked an "intent to deceive" and betrayed "more of a simple ignorance of and perhaps a cavalier attitude toward the formalities of business organization and governance."

The bankruptcy court's "reasonable doubts" about the arbitrator's seemingly contradictory findings precluded application of issue preclusion. *See In re Reynoso*, 477 F.3d 1117, 1123 (9th Cir. 2007). The bankruptcy court's application of the legal standard was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009).

Second, the bankruptcy court's factual findings do not leave us with the "definite and firm conviction that a mistake has been committed." *In re Khan*, 846 F.3d at 1063. The bankruptcy court detailed the testimony provided at trial. In particular, the bankruptcy court explained that it found the testimony of Spencer, Buckman, Paul Thomas (Spencer and Buckman's attorney), Patricia Wissehr, Ken Bobadilla, and Jeanne Goddard (Spencer and Buckman's accountant), more credible than Campbell's testimony. When considering the trial testimony, the undisputed facts, and the arbitrator's findings, no factual error committed by the bankruptcy court was clear.

**AFFIRMED.**

4