**+CORRECTED June 7, 2011**
**NOT FOR PUBLICATION**

**FILED**

APR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: EVERETT LOPEZ,<br><br>                                         Debtor.<br>_____<br><br>EVERETT LOPEZ,<br><br>                   Appellant,<br><br>   v.<br><br>EMERGENCY SERVICE<br>RESTORATION, INC.,<br><br>                   Appellee. | No. 09-60013<br><br>BAP No. CC-08-1103+-PaHM<br><br>MEMORANDUM [*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Hollowell and Montali, Bankruptcy Judges, Presiding

Argued and Submitted April 9, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederick J. Scullin, Jr., Senior United States District Judge for
the Northern District of New York, sitting by designation.

Chapter Seven debtor Everett Lopez ("Lopez") appeals from the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's grant of summary judgment in an adversary proceeding that Emergency Service Restoration, Inc. ("ESR"), filed, seeking the non-dischargeability of a judgment debt. ESR obtained the judgment debt against Lopez and his company, FiberTech, in a state-court action for willful and malicious misappropriation of trade secrets. The bankruptcy court held that, pursuant to 11 U.S.C. § 523(a)(6), the debt was non-dischargeable because the issue whether Lopez had a willful and malicious intent to injure ESR had already been decided in the state-court action and, therefore, that collateral estoppel precluded relitigation of this issue. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm.

"This court reviews decisions of the BAP *de novo*, and thus reviews the bankruptcy court's decisions under the same standards used by the BAP." *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000). We review the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See id*. Whether collateral estoppel is available is a question of law, subject to *de novo* review. *See Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). If collateral estoppel is available, however, we review the bankruptcy court's decision to apply it for abuse of discretion. *See id.*

A federal court gives the same preclusive effect to a state-court judgment as would be given that judgment under the law of the state in which the judgment was rendered. *See* 28 U.S.C. § 1738; *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). California courts will apply collateral estoppel only if certain threshold requirements are met, and then only when its application furthers the public policies underlying the doctrine. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). Pursuant to California law, courts may apply collateral estoppel if the following threshold requirements are met:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Id.* (internal quotation marks omitted).

Both the bankruptcy court and the BAP held that a finding of willful and malicious appropriation of trade secrets in the state-court action presented the same issues as those necessary to determine the non-dischargeability of a debt pursuant to § 523(a)(6) of the Bankruptcy Code; therefore, the BAP affirmed the bankruptcy court's determination that collateral estoppel was available.

**A.      Section 523(a)(6)**

Section 523(a)(6) of the Bankruptcy Code provides that an individual debtor may not discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).  We analyze the malicious injury requirement and the willful injury requirement separately.  *See Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008).

Although we do not decide whether a finding of willful and malicious misappropriation of trade secrets under California law will always meet the requirements of 11 U.S.C. § 523(a)(6), it is clear that the requirements were met in this case.

**1.      Willful injury**

"A 'willful' injury is a 'deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.'"  *In re Barboza*, 545 F.3d at 706 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).  "[Section] 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) (internal quotation marks omitted).  The debtor is, however, charged with the knowledge of his actions' natural consequences.  *Id*.

-4-

In the prior state proceeding, the court held that Lopez misappropriated ESR's trade secrets pursuant to California Civil Code § 3426.1; and, finding that this conduct was "willful and malicious," the court awarded ESR attorney's fees pursuant to California Civil Code § 3426.4. The state court found that Lopez improperly targeted ESR's customers after acquiring ESR's customer list through several former ESR independent contractors. Moreover, the court found that, during this improper solicitation of ESR's customers, Lopez "badmouthed" ESR and used "marketing techniques [that] went beyond simply making professional announcements," thereby damaging ESR.

Although the state court did not expressly state that Lopez believed that injury was substantially certain to result, *Ormsby* allows us to infer from the state court's findings that Lopez had a subjective belief that his actions would cause injury to ESR. *See In re Ormsby*, 591 F.3d at 1207. The state court's finding that Lopez was badmouthing ESR to ESR's customers, after misappropriating ESR's customer list, supports the inference that Lopez knew that his conduct was substantially certain to injure ESR. Lopez was not merely promoting his business to ESR's customers, but was simultaneously besmirching ESR's reputation — an undeniably willful action meant to cause injury to ESR and thereby establishing the willful injury prong under § 523(a)(6).

## 2. Malicious injury

Pursuant to § 523(a)(6), "[a] malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Ormsby*, 591 F.3d at 1207 (internal quotation marks omitted). We may infer malice based on the wrongful act's nature. *See id*.

Pursuant to California law, misappropriation of trade secrets requires the defendant to commit a wrongful act. *See* Cal. Civ. Code § 3426.1(a), (b); *see also On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 932 (N.D. Cal. 1997).

As stated above, the state court found that Lopez misappropriated ESR's confidential customer list and used it to actively solicit ESR's customers while simultaneously badmouthing ESR. Such actions were intentional and calculated to cause harm to ESR. The state court found that ESR suffered an injury as a result of Lopez' use of its customer list, and Lopez has offered no just cause or excuse for his conduct.

Finally, in awarding attorney's fees, the state court necessarily had to find that the misappropriation was willful and malicious. *See* Cal. Civ. Code § 3426.4 (requiring a court to find that the misappropriation was willful and malicious before it may award attorney's fees).

Based on these factual findings by the state court, the bankruptcy court properly concluded that Lopez' conduct met both the willful and malicious prongs of § 523(a)(6).

**B.    Did the bankruptcy court abuse its discretion by applying collateral estoppel?**

Trial courts have "broad discretion" in determining when to apply issue preclusion. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). In California, courts do not apply issue preclusion automatically or rigidly; rather, they are permitted to decline to give issue preclusive effect to prior judgments in deference to countervailing considerations of fairness. *See Lucido v. Superior Court*, 795 P.2d 1223, 1226 (Cal. 1990); *see also People v. Seltzer*, 101 Cal. Rptr. 260, 262 (App. Dep't Super. Ct. 1972) (collecting cases). The courts balance the need to limit litigation against other factors to determine whether the application of collateral estoppel is fair. *See Lucido*, 795 P.2d at 1226-27. "Accordingly, the public policies underlying collateral estoppel – preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation – strongly influence whether its application in a particular circumstance would be fair to the parties and constitute sound judicial policy." *Id.* at 1227.

Lopez argued before the bankruptcy court that it should decline to apply

collateral estoppel because of (1) the alleged lack of decorum in the state-court trial; (2) the alleged denial of a right to a jury; (3) the fact that the findings in the state court's written statement of decision drafted by ESR's counsel went beyond those that the court made orally; (4) the incompetence of pretrial counsel; (5) the incompetence of trial counsel; (6) the state-court judge's suicide three years after the trial at a time when the state-court judge was under investigation for child molestation; (7) Lopez' depression and emotional distress as a result of the state-court judgment and the bankruptcy proceedings; and (8) the intense animus of ESR's principal towards Lopez.

The bankruptcy court did not abuse its broad discretion in giving the state court's judgment preclusive effect. The bankruptcy court discussed each factor that Lopez raised and provided sound reasons why those factors did not militate against precluding relitigation of this issue. Further, the bankruptcy court correctly found that there had been no change in the law that would potentially alter the result of the underlying action and that the incentive to litigate was equally present in both the state-court action and the bankruptcy proceeding.

AFFIRMED.