NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORRIS REESE,**
*Plaintiff-Appellant,*

v.

**VERIZON CALIFORNIA, INC.,**
*Defendant-Appellee,*

AND

**AT&T CALIFORNIA,**
*Defendant-Appellee.*

---

2012-1048

---

Appeal from the United States District Court for the Central District of California in Case No. 11-CV-1934, Judge S. James Otero.

---

Decided: December 21, 2012

---

RACHEL CLARK HUGHEY, Merchant & Gould, P.C., of Minneapolis, Minnesota, argued for plaintiff-appellant.

MICHAEL J. SONGER, Crowell & Morning, LLP, of Washington, DC, argued for both defendants-appellees.

With him on the brief were JENNIFER H. BURDMAN, for defendant-appellee, AT&T California; and KEVIN P. ANDERSON and JAMES H. WALLACE, Wiley Rein LLP, of Washington, DC, for defendant-appellee Verizon California.

———————————

Before LOURIE, DYK, and MOORE, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* LOURIE.
Dissenting opinion filed by *Circuit Judge* MOORE.

LOURIE, *Circuit Judge.*

Morris Reese ("Reese") appeals from the judgment of the United States District Court for the Central District of California dismissing his first amended complaint against Verizon California Inc. ("Verizon") and AT&T California ("AT&T") (collectively, "Appellees") based on the doctrine of collateral estoppel. Order Granting Defs.' Mot. to Dismiss, *Reese v. Verizon Cal. Inc.*, No. 11-01934 (C.D. Cal. Aug. 11, 2011), ECF No. 26. Because collateral estoppel was applicable and the district court did not abuse its discretion in applying collateral estoppel, we *affirm*.

## BACKGROUND

Reese owns U.S. Patent 6,868,150 (the "'150 patent"), directed to methods for providing landline telephone Caller ID with Call Waiting. In May 2007, Reese asserted the '150 patent against Southwestern Bell Telephone Co. (AT&T's operating telephone company in Texas) and GTE Southwest Inc. (Verizon's operating telephone company in Texas) in the United States District Court for the Eastern District of Texas; parent companies AT&T, Inc. and Verizon Communications Inc. were voluntarily dismissed

from that litigation. *Reese v. Sw. Bell Tel., L.P.*, No. 07-219 (E.D. Tex. Dec. 22, 2008) (*Reese I*).

In *Reese I*, Reese alleged that the defendants infringed at least claims 1, 7, 13, 18, 23, 25, 32, and 36 of the '150 patent, but following an unfavorable claim construction order, Reese stipulated to the entry of final judgment of noninfringement of claims 1, 7, 13, 18, 25, and 36.[1] Stipulation & Joint Mot. for Dismissal & Final J., *Reese v. Sw. Bell Tel., L.P.*, No. 07-219 (E.D. Tex. Dec. 19, 2008), ECF No. 15 ("Stipulation"). Article 2 of the Stipulation states that "[t]he parties also stipulate to the dismissal with prejudice of all infringement claims and assertions by Plaintiff with respect to claims 23 and 32 of the '150 patent." *Id.* Article 4 of the Stipulation states:

> As this stipulation resolves all claims and counterclaims, the Parties stipulate to the entry of final judgment. The parties stipulate that the entry of final judgment resulting from this stipulation shall constitute a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion and claim preclusion.

*Id.*

In March 2011, Reese sued AT&T and Verizon in the United States District Court for the Central District of California, reasserting that the same landline telephone services offering so-called Call Waiting ID, which were at issue in *Reese I*, infringed claims 23 and 32 of the '150 patent. AT&T then filed a motion to dismiss Reese's first amended complaint under Fed. R. Civ. P. 12(b)(6), which

---

[1] Reese later appealed the Eastern District of Texas's claim construction ruling, which we affirmed in all respects. *Reese v. Sw. Bell Tel., L.P.*, 333 F. App'x 570 (Fed. Cir. 2009).

Verizon joined. The district court granted the motion to dismiss on the ground that the case was barred by collateral estoppel based on the judgment in *Reese I.* Order Granting Defs.' Mot. to Dismiss, *Reese v. Verizon Cal. Inc.*, No. 11-01934 (C.D. Cal. Aug. 11, 2011), ECF No. 26.

The court concluded that AT&T and Verizon had established all the elements of collateral estoppel required under Ninth Circuit law: (1) there was an undisputed identical issue because Reese alleged the same claims regarding the same patent as in the *Reese I* proceeding, such that the present action would involve the same rule of law, similar evidence, and overlapping arguments; (2) final judgment on the merits was reached in *Reese I*, where Reese specifically agreed to dismiss claims 23 and 32 of the '150 patent with prejudice and stipulated that his dismissal would constitute a final judgment on the merits for the purposes of collateral estoppel and issue preclusion; and (3) there was undisputed privity between the parties involved in *Reese I* and the instant action. *Id.* at 3–5. In response, Reese filed a motion for reconsideration, which the district court denied. Order Den. Pl.'s Mot. for Recons., *Reese v. Verizon Cal. Inc.*, No. 11-01934 (C.D. Cal. Sep. 21, 2011), ECF No. 34.

Reese timely appealed the district court's rulings. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

The grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is reviewed *de novo*, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).

Application of the principles of collateral estoppel is not a matter within our exclusive jurisdiction; thus, we apply the law of the circuit in which the district court sits, here the Ninth Circuit. *Applied Med. Res. Corp. v. United States Surgical Corp.*, 435 F.3d 1356, 1360 (Fed. Cir. 2006); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1381 n.4 (Fed. Cir. 1999). In the Ninth Circuit, the availability of collateral estoppel is a mixed question of law and fact reviewed *de novo*. *See In re Lopez*, 378 F. App'x 610, 613 (9th Cir. 2010); *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006); *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986). Once it is determined that collateral estoppel is available, the Ninth Circuit reviews a district court's decision to accord preclusion and apply collateral estoppel for an abuse of discretion. *Id; see also Applied Med. Res.*, 435 F.3d at 1360. The Ninth Circuit also reviews *de novo* a district court's interpretation of a consent judgment. *Skilstaf*, 669 F.3d at 1014.

Collateral estoppel, or issue preclusion, prevents a defendant from having to relitigate issues that have been fully and fairly litigated in a previous action. *Pharmacia & Upjohn*, 170 F.3d at 1379. More specifically, collateral estoppel in a patent case prevents a plaintiff who previously litigated a claim that certain technology infringed its patent (and lost) from taking "another bite at the apple" by again asserting that the same technology infringes the same patent. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1312 (Fed. Cir. 2010) (finding collateral estoppel where the accused technology in the second case was identical to that in the first case). The Ninth Circuit has found collateral estoppel where: (1) the issue necessarily decided at the previous proceeding is identical to the one that is currently sought to be relitigated; (2) the first

proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding. *Skilstaf*, 669 F.3d at 1021; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).[2] There is no dispute on appeal that the privity required is found here;[3] thus, the question before us is whether the first two prongs of the test are satisfied.

Reese now argues that there is no identical issue between this action and the previous case because the dispute at bar, *i.e.*, infringement of claims 23 and 32 of the '150 patent, was not "actually litigated" and expressly decided by the district court in *Reese I*. Similarly, although Reese concedes that the stipulated dismissal with prejudice in *Reese I* did constitute a final judgment, he argues that it was not a final judgment for the purposes of collateral estoppel as to claims 23 and 32 of the '150 patent because the issue of infringement of those claims was not decided. Reese further contends that *Arizona v. California*, 530 U.S. 392, 414 (2000), establishes a general rule that collateral estoppel does not apply to consent judgments because in those situations there will not have been a decision on an issue in the underlying case. Reese thus seeks to characterize the Stipulation as a consent judgment or settlement whereby the parties resolved the

---

[2] Reese argues a four-part test for collateral estoppel, citing *Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007), but concedes that the articulation of the test recited herein is functionally identical. Appellant Br. 14 n.6.

[3] Reese does not acquiesce in the district court's finding that privity exists on both sides of the litigation, but concedes that collateral estoppel requires only that privity exist on the side of the party against whom estoppel is asserted. *See Syverson*, 472 F.3d at 1078. Reese was a party to both suits.

issue of infringement of six other claims of the '150 patent while merely dismissing the infringement assertions of claims 23 and 32. Reese asserts that Appellees did not stipulate to noninfringement of claims 23 and 32 as they did the others, so there is no identical issue here, and that it is also irrelevant that he dismissed his claims with prejudice because doing so did not resolve the undecided issue of infringement of claims 23 and 32 for the purposes of collateral estoppel.

Appellees respond that Reese had a full and fair opportunity to litigate infringement in *Reese I* and did so; he had his day in court and simply stopped after an adverse claim construction ruling in the prior case. In the present case, Reese has again accused precisely the same products, *viz.*, Call Waiting ID of landline telephone services, of infringing precisely the same patent claims, *viz.*, claims 23 and 32 of the '150 patent. Appellees argue that an identical issue does not have to be "decided" to have preclusive effect because Reese expressly agreed in the Stipulation that the final judgment in *Reese I* would preclude future patent infringement suits on Call Waiting ID services. Moreover, Appellees assert that consent judgments are routinely given preclusive effect when that was the intent of the parties, and the present action is distinguishable from *Arizona* because the parties in *Reese I* did more than merely settle their case with a consent judgment. The Stipulation ended *Reese I* with a final judgment on the merits with Reese's dismissal with prejudice; although he could have reserved the right to litigate infringement in the future, he expressly consented otherwise. Consequently, Appellees contend that collateral estoppel applies here because the intent and scope of the Stipulation are specific and unambiguous, the accused products and technology are the same, and the asserted patent claims are the same. We agree.

We have previously held that issue preclusion or collateral estoppel may indeed arise by reason of stipulated judgment or consent decree, under which the primary consideration is the intent of the parties with respect to its preclusive effect. *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1471 (Fed. Cir. 1989) (applying Ninth Circuit law to an appeal from C.D. Cal.). In *Yachts America, Inc. v. United States*, 673 F.2d 356, 361 (Ct. Cl. 1982), one of our predecessor courts also held that broad, far-reaching preclusive language in a consent decree terminating a prior litigation and dismissing with prejudice "all other issues" constituted a final judgment on an issue not specifically addressed in the agreement, and therefore that the doctrine of collateral estoppel precluded relitigation of that issue.

Subsequently, and contrary to Reese's interpretation, the Supreme Court in *Arizona* also indicated that settlements may occasion collateral estoppel when it is clear that the parties intended their agreement to have such an effect. *Arizona*, 530 U.S. at 414. Indeed, the Court concluded that collateral estoppel did not apply in that case because the consent judgment in the first action was "ambiguous as between mutually exclusive theories of recovery" and therefore "too opaque to serve as a foundation for issue preclusion." *Id.* at 417–18. However, that is not the case before us.

Echoing *Hartley*, this case presents a situation in which a patentee clearly dismissed his claim with prejudice; such a stipulated judgment operates as an adverse adjudication on the merits of his claim. To prevail, Reese needed to show that the parties in *Reese I* did not intend for their stipulated judgment to have any preclusive effect on the issue of infringement. He did not make such a showing. The Stipulation is not ambiguous: Article 4 specifically recites that "this stipulation resolves *all*

claims." Stipulation 2 (emphasis added). Reese's only theory of recovery in *Reese I* was infringement, and the Stipulation explicitly states that the parties intended their agreement to have preclusive effect: the dismissal "shall constitute a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion." *Id.* Reese argues that the "mere" dismissal of claims 23 and 32, as opposed to the stipulation of noninfringement of the other claims, avoids the effect of collateral estoppel. The answer to that argument rests with the fact that Reese agreed to dismiss claims 23 and 32 with prejudice and stipulated that the dismissal would constitute a final judgment for the purpose of collateral estoppel. The district court here is simply enforcing Reese's own agreement. Accordingly, we conclude that collateral estoppel was applicable here because Reese explicitly consented to dismiss with prejudice his previous action involving the same patent claims asserted against the same technology and agreed to an entry of final judgment on the merits regarding infringement for the express purpose of precluding future duplicative litigation.

Finally, having determined that collateral estoppel was applicable, the district court did not abuse its discretion in applying collateral estoppel. The Ninth Circuit has held that a motion to dismiss may be supported by collateral estoppel, particularly when the parties have negotiated a consent judgment or settlement agreement to have preclusive effect. *Skilstaf*, 669 F.3d at 1021–25; *Reyn's Pasta*, 442 F.3d at 745–47. All the required elements having been met, fairness does not weigh against the application of collateral estoppel in this case. *In re Freeman*, 30 F.3d 1459, 1467 (Fed. Cir. 1994).

CONCLUSION

We have considered each of the parties' remaining arguments and find them unpersuasive. In view of the foregoing, the judgment of the district court is affirmed.

**AFFIRMED**

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORRIS REESE,**
*Plaintiff-Appellant,*

v.

**VERIZON CALIFORNIA, INC.,**
*Defendant-Appellee,*

AND

**AT&T CALIFORNIA,**
*Defendant-Appellee.*

---

2012-1048

---

Appeal from the United States District Court for the Central District of California in case no. 11-CV-1934, Judge S. James Otero.

---

MOORE, *Circuit Judge*, dissenting.

The majority concludes that the language of a stipulation in an earlier case (*Reese I*) against different parties collaterally estops Mr. Reese from bringing his suit. I am perplexed by the majority's claim that the "extent and scope of the Stipulation are specific and unambiguous." Maj. Op. at 7. With all due respect, I find that the Stipulation unambiguously supports the opposite view—

namely that the parties intended that collateral estoppel would attach to the claims for which final judgment of noninfringement on the merits was admitted, but *not* the claims that were dismissed without decision. At a minimum, the Stipulation is ambiguous, and if it is ambiguous, under governing Ninth Circuit law, collateral estoppel does not apply.

The Stipulation distinguishes between claims 1, 7, 13, 18, 25, and 36 of the '150 patent which the parties stipulated to final judgment of noninfringement, and claims 23 and 32 of the '150 patent which the parties stipulated to dismissal only, not final judgment on the merits. Walking through the Stipulation, the distinctions are *clear*. To begin, the Stipulation is titled, "Stipulation and Joint Motion for Dismissal and Final Judgment"—two separate things. The first sentence of the Stipulation explains that the parties move for "entry of final judgment of non-infringement by Defendants of certain asserted claims and for dismissal of the remaining asserted claims." J.A. 157.

In paragraph 1, the parties stipulate to "final judgment of non-infringement of claims 1, 7, 13, 18, 25, and 36 of the '150 patent." *Id.* In paragraph 2, the parties stipulate to "dismissal with prejudice of all infringement claims and assertions by Plaintiff with respect to claims 23 and 32 of the '150 patent." J.A. 158. Hence, paragraphs 1 and 2 stipulate to different things—entry of final judgment on the merits for some claims and dismissal for others. There is no decision or stipulation to noninfringement contained in paragraph 2. Never does the patentee concede that claims 23 and 32 are not infringed. In fact, as all parties agree, the patentee actually won the claim construction arguments it made on claims 23 and 32. (The majority's suggestion that Mr. Reese "simply stopped after an adverse claim construction ruling in a

prior case," Maj. Op. at 7, is incorrect with regard to claims 23 and 32.)

In paragraph 4, upon which the majority's collateral estoppel decision largely rests, the Stipulation says:

> As this stipulation resolves all claims and counterclaims, the Parties stipulate to entry of final judgment. The Parties stipulate that the entry of final judgment resulting from this stipulation shall constitute a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion and claim preclusion.

J.A. 158. This paragraph unambiguously results in collateral estoppel with regard to the claims upon which final judgment on the merits is entered. It clearly and unambiguously says so. But what it does not say is that the parties stipulate that collateral estoppel will bar future cases involving the claims that were *dismissed*. Claims 23 and 32 were dismissed—this is not disputed. Paragraph 4 is silent as to the dismissed claims. By its clear language it applies only to the claims upon which the parties stipulate to judgment on the merits. Final judgment on the merits is not entered upon the dismissed claims.

The Final Judgment in *Reese I* reinforces this distinction:

> IT IS ORDERED that Plaintiff's claims for infringement of claims 23 and 32 of U.S. Patent No. 6,858,150 (the '150 patent) are DISMISSED WITH PREJUDICE;

> IT IS FURTHER ORDERED that, based upon the claim construction issued by this Court on September 24, 2008, claims 1, 7, 13, 18, 25 and 36

> of the '150 patent are found to be NOT INFRINGED by Defendants and for that reason, judgment is entered against Plaintiff on those claims.

J.A. 166 (emphasis in Final Judgment). The court did not order any judgment on the merits for claims 23 and 32. With regard to claims 23 and 32, the order did not reference the claim construction or make any determinations regarding infringement. I simply do not understand from these straightforward documents how the majority could fail to recognize the distinction between claims 1, 7, 13, 18, 25, and 36 on the one hand and claims 23 and 32 on the other.

If there was ambiguity in paragraph 4 with regard to which claims collateral estoppel attaches, we cannot affirm. Ninth Circuit law is clear that for a stipulated judgment to give rise to claim preclusion, the language of the Stipulation must unambiguously evince the parties' intent for it to have that effect. *See Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 481 (Fed. Cir. 1991) (applying Ninth Circuit law that courts should avoid "speculat[ing] as to the intent of the parties based on broad, general and ambiguous language"); *Sekaquapetwa v. MacDonald*, 575 F.2d 239, 246 (9th Cir. 1978) (holding that the default rule is that "an issue is not deemed to be actually litigated if it is the subject of a stipulation between parties") (internal quotation mark omitted); *see also Arizona v. California*, 530 U.S. 392, 414 (2000).[1] Paragraph 4 clearly applies to the claims upon which final judgment of noninfringement on the merits was entered; but that paragraph equally clearly does not evidence an intent to agree to

---

[1]    *Yachts America, Inc. v. United States*, 673 F.2d 356 (Ct. Cl. 1982), a case relied upon by the majority, does not apply Ninth Circuit law.

collateral estoppel of the claims that were dismissed without judgment.

Finally, I do not understand why the majority places the burden on Mr. Reese "to show that the parties . . . did not intend for their stipulated judgment to have any preclusive effect on the issue of infringement." Maj. Opp. at 8. Ninth Circuit law makes clear that "[t]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Hydraunautics v. Filmtec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (quoting *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997)). The majority's burden-shifting is especially odd given that we must construe all factual allegations in the complaint in the light most favorable to the nonmoving party, Mr. Reese. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

The Stipulation is clear. The judgment is clear. The parties intended collateral estoppel to apply to the claims upon which judgment of noninfringement was entered, not the dismissed claims. The district court thus erred by dismissing Mr. Reese's complaint, and I would reverse.