Opinion for the court filed by Circuit Judge LOURIE.
Dissenting opinion filed by Circuit Judge MOORE.
LOURIE, Circuit Judge.
Morris Reese (“Reese”) appeals from the judgment of the United States District Court for the Central District of California dismissing his first amended complaint against Verizon California Inc. (“Verizon”) and AT & T California (“AT & T”) (collectively, “Appellees”) based on the doctrine of collateral estoppel. Order Granting Defs.’ Mot. to Dismiss, Reese v. Verizon Cal. Inc., No. 11-01934 (C.D.Cal. Aug. 11, 2011), ECF No. 26. Because collateral estoppel was applicable and the district *981 court did not abuse its discretion in applying collateral estoppel, we affirm.
BACKGROUND
Reese owns U.S. Patent 6,868,150 (the “'150 patent”), directed to methods for providing landline telephone Caller ID with Call Waiting. In May 2007, Reese asserted the '150 patent against Southwestern Bell Telephone Co. (AT & T’s operating telephone company in Texas) and GTE Southwest Inc. (Verizon’s operating telephone company in Texas) in the United States District Court for the Eastern District of Texas; parent companies AT & T, Inc. and Verizon Communications Inc. were voluntarily dismissed from that litigation. Reese v. Sw. Bell Tel., L.P., No. 07-219 (E.D.Tex. Dec. 22, 2008) (Reese I).
In Reese I, Reese alleged that the defendants infringed at least claims 1, 7, 13, 18, 23, 25, 32, and 36 of the '150 patent, but following an unfavorable claim construction order, Reese stipulated to the entry of final judgment of noninfringement of claims 1, 7, 13,18, 25, and 36.[1] Stipulation & Joint Mot. for Dismissal & Final J., Reese v. Sw. Bell Tel, L.P., No. 07-219 (E.D.Tex. Dec. 19, 2008), ECF No. 15 (“Stipulation”). Article 2 of the Stipulation states that “[t]he parties also stipulate to the dismissal with prejudice of all infringement claims and assertions by Plaintiff with respect to claims 23 and 32 of the '150 patent.” Id. Article 4 of the Stipulation states:
As this stipulation resolves all claims and counterclaims, the Parties stipulate to the entry of final judgment. The parties stipulate that the entry of final judgment resulting from this stipulation shall constitute a final judgment on the merits of Plaintiffs claims for purposes of res judicata, collateral estoppel, issue preclusion and claim preclusion.

Id.

In March 2011, Reese sued AT & T and Verizon in the United States District Court for the Central District of California, reasserting that the same landline telephone services offering so-called Call Waiting ID, which were at issue in Reese I, infringed claims 23 and 32 of the '150 patent. AT & T then filed a motion to dismiss Reese’s first amended complaint under Fed.R.Civ.P. 12(b)(6), which Verizon joined. The district court granted the motion to dismiss on the ground that the case was barred by collateral estoppel based on the judgment in Reese I. Order Granting Defs.’ Mot. to Dismiss, Reese v. Verizon Cal. Inc., No. 11-01934 (C.D.Cal. Aug.11, 2011), ECF No. 26.
The court concluded that AT & T and Verizon had established all the elements of collateral estoppel required under Ninth Circuit law: (1) there was an undisputed identical issue because Reese alleged the same claims regarding the same patent as in the Reese I proceeding, such that the present action would involve the same rule of law, similar evidence, and overlapping arguments; (2) final judgment on the merits was reached in Reese I, where Reese specifically agreed to dismiss claims 23 and 32 of the '150 patent with prejudice and stipulated that his dismissal would constitute a final judgment on the merits for the purposes of collateral estoppel and issue preclusion; and (3) there was undisputed privity between the parties involved in Reese I and the instant action. Id. at 3-5. In response, Reese filed a motion for reconsideration, which the district court denied. Order Den. Pl.’s Mot. for Recons., Reese v. Verizon Cal. Inc., No. 11-01934 (C.D.Cal. Sep.21, 2011), ECF No. 34.
*982 Reese timely appealed the district court’s rulings. We have jurisdiction under 28 U.S.C. § 1295(a)(1).
Discussion
The grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is reviewed de novo, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1014 (9th Cir.2012); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed.Cir.2009).
Application of the principles of collateral estoppel is not a matter within our exclusive jurisdiction; thus, we apply the law of the circuit in which the district court sits, here the Ninth Circuit. Applied Med. Res. Corp. v. United States Surgical Corp., 435 F.3d 1356, 1360 (Fed.Cir.2006); Pharmacia & Upjohn Co. v. Mylan Pharm., Inc., 170 F.3d 1373, 1381 n. 4 (Fed.Cir.1999). In the Ninth Circuit, the availability of collateral estoppel is a mixed question of law and fact reviewed de novo. See In re Lopez, 378 Fed.Appx. 610, 613 (9th Cir.2010); Dias v. Elique, 436 F.3d 1125, 1128 (9th Cir.2006); Plaine v. McCabe, 797 F.2d 713, 718 (9th Cir.1986). Once it is determined that collateral estoppel is available, the Ninth Circuit reviews a district court’s decision to accord preclusion and apply collateral estoppel for an abuse of discretion. Id; see also Applied Med. Res., 435 F.3d at 1360. The Ninth Circuit also reviews de novo a district court’s interpretation of a consent judgment. Skilstaf, 669 F.3d at 1014.
Collateral estoppel, or issue preclusion, prevents a defendant from having to reliti-gate issues that have been fully and fairly litigated in a previous action. Pharmacia & Upjohn, 170 F.3d at 1379. More specifically, collateral estoppel in a patent case prevents a plaintiff who previously litigated a claim that certain technology infringed its patent (and lost) from taking “another bite at the apple” by again asserting that the same technology infringes the same patent. See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d 1296, 1312 (Fed.Cir.2010) (finding collateral estoppel where the accused technology in the second case was identical to that in the first case). The Ninth Circuit has found collateral estoppel where: (1) the issue necessarily decided at the previous proceeding is identical to the one that is currently sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding. Skilstaf, 669 F.3d at 1021; Reyn’s Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir.2006).[2] There is no dispute on appeal that the privity required is found here;[3] thus, the question before us is whether the first two prongs of the test are satisfied.
Reese now argues that there is no identical issue between this action and the previous case because the dispute at bar, i.e., infringement of claims 23 and 32 of the '150 patent, was not “actually litigated” and expressly decided by the district court in Reese I. Similarly, although Reese con *983 cedes that the stipulated dismissal with prejudice in Reese I did constitute a final judgment, he argues that it was not a final judgment for the purposes of collateral estoppel as to claims 23 and 82 of the '150 patent because the issue of infringement of those claims was not decided. Reese further contends that Arizona v. California, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000), establishes a general rule that collateral estoppel does not apply to consent judgments because in those situations there will not have been a decision on an issue in the underlying case. Reese thus seeks to characterize the Stipulation as a consent judgment or settlement whereby the parties resolved the issue of infringement of six other claims of the '150 patent while merely dismissing the infringement assertions of claims 23 and 32. Reese asserts that Appellees did not stipulate to noninfringement of claims 23 and 32 as they did the others, so there is no identical issue here, and that it is also irrelevant that he dismissed his claims with prejudice because doing so did not resolve the undecided issue of infringement of claims 23 and 32 for the purposes of collateral estoppel.
Appellees respond that Reese had a full and fair opportunity to litigate infringement in Reese I and did so; he had his day in court and simply stopped after an adverse claim construction ruling in the prior case. ’ In the present case, Reese has again accused precisely the same products, viz., Call Waiting ID of landline telephone services, of infringing precisely the same patent claims, viz., claims 23 and 32 of the '150 patent. Appellees argue that an identical issue does not have to be “decided” to have preclusive effect because Reese expressly agreed in the Stipulation that the final judgment in Reese I would preclude future patent infringement suits on Call Waiting ID services. Moreover, Appellees assert that consent judgments are routinely given preclusive effect when that was the intent of the parties, and the present action is distinguishable from Arizona because the parties in Reese I did more than merely settle their case with a consent judgment. The Stipulation ended Reese I with a final judgment on the merits with Reese’s dismissal with prejudice; although he could have reserved the right to litigate infringement in the future, he expressly consented otherwise. Consequently, Ap-pellees contend that collateral estoppel applies here because the intent and scope of the Stipulation are specific and unambiguous, the accused products and technology are the same, and the asserted patent claims are the same. We agree.
We have previously held that issue preclusion or collateral estoppel may indeed arise by reason of stipulated judgment or consent decree, under which the primary consideration is the intent of the parties with respect to its preclusive effect. Hartley v. Mentor Corp., 869 F.2d 1469, 1471 (Fed.Cir.1989)(applying Ninth Circuit law to an appeal from C.D. Cal.). In Yachts America, Inc. v. United States, 673 F.2d 356, 361 (Ct.Cl.1982), one of our predecessor courts also held that broad, far-reaching preclusive language in a consent decree terminating a prior litigation and dismissing with prejudice “all other issues” constituted a final judgment on an issue not specifically addressed in the agreement, and therefore that the doctrine of collateral estoppel precluded relitigation of that issue.
Subsequently, and contrary to Reese’s interpretation, the Supreme Court in Arizona also indicated that settlements may occasion collateral estoppel when it is clear that the parties intended their agreement to have such an effect. Arizona, 530 U.S. at 414, 120 S.Ct. 2304. Indeed, the Court concluded that collateral estoppel did not apply in that case because the consent judgment in the first action was “ambigú *984 ous as between mutually exclusive theories of recovery” and therefore “too opaque to serve as a foundation for issue preclusion.” Id. at 417-18, 120 S.Ct. 2304. However, that is not the case before us.
Echoing Hartley, this ease presents a situation in which a patentee clearly dismissed his claim with prejudice; such a stipulated judgment operates as an adverse adjudication on the merits of his claim. To prevail, Reese needed to show that the parties in Reese I did not intend for their stipulated judgment to have any preclusive effect on the issue of infringement. He did not make such a showing. The Stipulation is not ambiguous: Article 4 specifically recites that “this stipulation resolves all claims.” Stipulation 2 (emphasis added). Reese’s only theory of recovery in Reese I was infringement, and the Stipulation explicitly states that the parties intended their agreement to have preclu-sive effect: the dismissal “shall constitute a final judgment on the merits of Plaintiffs claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.” Id. Reese argues that the “mere” dismissal of claims 23 and 32, as opposed to the stipulation of noninfringement of the other claims, avoids the effect of collateral estoppel. The answer to that argument rests with the fact that Reese agreed to dismiss claims 23 and 32 with prejudice and stipulated that the dismissal would constitute a final judgment for the purpose of collateral estoppel. The district court here is simply enforcing Reese’s own agreement. Accordingly, we conclude that collateral estoppel was applicable here because Reese explicitly consented to dismiss with prejudice his previous action involving the same patent claims asserted against the same technology and agreed to an entry of final judgment on the merits regarding infringement for the express purpose of precluding future duplicative litigation.
Finally, having determined that collateral estoppel was applicable, the district court did not abuse its discretion in applying collateral estoppel. The Ninth Circuit has held that a motion to dismiss may be supported by collateral estoppel, particularly when the parties have negotiated a consent judgment or settlement agreement to have preclusive effect. Skilstaf, 669 F.3d at 1021-25; Reyn’s Pasta, 442 F.3d at 745-47. All the required elements having been met, fairness does not weigh against the application of collateral estop-pel in this case. In re Freeman, 30 F.3d 1459, 1467 (Fed.Cir.1994).
Conolusion
We have considered each of the parties’ remaining arguments and find them unpersuasive. In view of the foregoing, the judgment of the district court is affirmed.
AFFIRMED

. Reese later appealed the Eastern District of Texas’s claim construction ruling, which we affirmed in all respects. Reese v. Sw. Bell Tel., L.P., 333 Fed.Appx. 570 (Fed.Cir.2009).

. Reese argues a four-part test for collateral estoppel, citing Syverson v. International Business Machines Corp., 472 F.3d 1072, 1078 (9th Cir.2007), but concedes that the articulation of the test recited herein is functionally identical. Appellant Br. 14 n. 6.

. Reese does not acquiesce in the district court’s finding that privity exists on both sides of the litigation, but concedes that collateral estoppel requires only that privity exist on the side of the party against whom estoppel is asserted. See Syverson, 472 F.3d at 1078. Reese was a party to both suits.