**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TIMOTHY MCINTYRE, | No. 12-15452 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00581-RCJ-WGC |
| v. | |
| HOWARD SKOLNICK; MARY CARTER; GREGORY SMITH; LYON COUNTY, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief District Judge, Presiding

Submitted November 6, 2013 **
San Francisco, California

Before: FLETCHER and NGUYEN, Circuit Judges, and DUFFY, District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36–3.

\*\*      The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

Timothy McIntyre appeals the district court's grant of summary judgment. We review a grant of summary judgment *de novo*. *Huppert v. City of Pittsburg*, 574 F.3d 696, 701 (9th Cir. 2009). Because the issues in McIntyre's First Amendment retaliation claim are precluded by Hearing Officer Bill Kockenmeister's administrative determination, and because McIntyre has abandoned his Due Process claim, we affirm.

"Federal courts give the same preclusive effect to the decisions of state administrative agencies as the state itself would, subject to the 'minimum procedural requirements' of the Due Process Clause of the Fourteenth Amendment." *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982)). Nevada gives administrative determinations issue-preclusive effect, *State ex rel. Univ. & Cmty. Coll. Sys. v. Sutton,* 103 P.3d 8, 16 (Nev. 2004), provided they satisfy four requirements: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; [] (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (footnote and internal quotation mark omitted).

Kockenmeister's determination satisfies the latter three requirements without controversy. His ruling was on the merits and is considered final under Nevada law, *see Dickinson v. Am. Med. Response*, 186 P.3d 878, 882 (Nev. 2008); McIntyre is the same party against whom judgment was rendered in both suits; and the relevant issues were actually litigated.

In addition, "the issue decided in the prior litigation [is] identical to the issue presented in the current action." *Five Star Capital Corp.*, 194 P.3d at 713. Kockenmeister determined that the substantial evidence failed to establish that McIntyre was fired for exercising his First Amendment rights. If McIntyre lacked substantial evidence that he was terminated for exercising his First Amendment rights, he necessarily lacks proof under the higher preponderance of the evidence standard. *Dias* is not controlling because here, unlike in *Dias*, the different burdens of proof would not result in different outcomes for the administrative and federal cases. *See Dias*, 436 F.3d at 1130.

McIntyre did not brief his Due Process claim and has thus abandoned it. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1075–76 (9th Cir. 2009).

**AFFIRMED.**